IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BROADSTONE MAPLE, LLC, *doing business as* Broadstone Court Apts,<br><br>  Plaintiff,<br><br>v.<br><br>LESLIE ONNA, *and All Other Occupants*,<br><br>  Defendant.<br><br>WILHY HAPRO,<br><br>  Movant. | CIVIL ACTION FILE NO.<br><br>1:16-cv-1661-WSD-JKL<br>1:16-cv-1662-WSD-JKL |

## **FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Wilhy Harpo's applications for leave to proceed *in forma pauperis* ("IFP") in his and Defendant Leslie Onna's petitions for removal of two dispossessory actions from the Magistrate Court of Fulton County. [No. 1:16-cv-1661-WSD-JKL ("case no. 16-cv-1661" or "the Apartment 341 case"), Doc. 1; No. 1:16-cv-1662-WSD-JKL ("case no. 16-cv-1662" or "the Apartment 330 case"), Doc. 1.]  Onna has not signed or completed an IFP application in either case.  After consideration of Harpo's applications, I find that he meets the financial requirements for IFP status and **GRANT** his request to

proceed IFP pursuant to 28 U.S.C. § 1915(a).[1]  [Case no. 16-cv-1661, Doc. 1; case no. 16-cv-1662, Doc. 1.]  Nevertheless, as explained below, this Court does not have subject matter jurisdiction over the removal actions.  I therefore **RECOMMEND** that case no. 16-cv-1661 and case no. 16-cv-1662 be **REMANDED** to the Magistrate Court of Fulton County.

On April 11, 2016, Plaintiff Broadstone Maple, LLC ("Broadstone") filed dispossessory actions against Onna, alleging that she failed to pay rent, which was past due, for Apartments 341 and 330 at the Broadstone Court Apartments.  [Case no. 16-cv-1661, Doc. 1-1 at 3; case no. 16-cv-1662, Doc. 1-1 at 3.]  In the Apartment 341 case, Broadstone sought possession of the premises, past due and presently accruing rent of $2,290 monthly, and miscellaneous costs and fees.  [Case no. 16-cv-1661, Doc. 1-1 at 3.]  In the Apartment 330 case, Broadstone sought possession of the premises, past due and presently accruing rent of $1,650 monthly, and miscellaneous costs and fees.  [Case no. 16-cv-1662, Doc. 1-1 at 3.]

---

[1] Harpo, a frequent filer of frivolous lawsuits, has been ordered by the District Court to disclose his full litigation history in any civil rights complaint or IFP affidavit that he files.  *See, e.g.*, *Harpo v. City of Atlanta*, No. 1:14-cv-2157-WSD (N.D. Ga. 2014) (ECF No. 2 at 1-2, No. 5).  Here, Harpo has included his litigation history as an attachment to his IFP applications.  [Case no. 16-cv-1661, Doc. 1-2; case no. 16-cv-1662, Doc. 1-2.]

Harpo, who claims to be a defendant in both cases, and Onna filed petitions for removal of both dispossessory actions to this Court. [Case no. 16-cv-1661, Doc. 1-1 at 1-2; case no. 16-cv-1662, Doc. 1-1 at 1-2.] In both petitions, they appear to invoke the Court's diversity jurisdiction by asserting that they are "citizens of states other than Georgia" and that Broadstone is an Arizona citizen. They allege that judges in Fulton County have shown bias against Harpo on the basis of race and bias against both Harpo and Onna for their "procedural standing as a litigant in proper person," and thus they cannot receive a fair trial or due process in the Magistrate Court of Fulton County. They also claim that they were deprived of due process in state court because the Magistrate Court issued an adverse judgment without giving them a chance to be heard. [*Id.*]

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States." 28 U.S.C. § 1441(a). Here, however, the underlying case is a state dispossessory action and demand for an unspecified amount of rent, containing no federal claim. [Doc. 1-1 at 4.] Thus, removal based on federal question jurisdiction under § 1331 is improper. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the

3

complaint does not affirmatively allege a federal claim."); *see also U.S. Bank Nat. Ass'n v. Sanders*, No. 1:13-cv–357-WSD, 2015 WL 1568803, \*3 (N.D. Ga. Apr. 7, 2015).

A party seeking to establish diversity jurisdiction must demonstrate that the amount in controversy exceeds $75,000 and that all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332. In a removal case, when the plaintiff's complaint does not identify a specific amount of damages, the defendants must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). This Court only may look to the plaintiff's claim to determine whether the amount-in-controversy requirement is met. *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010). A claim seeking ejectment in a dispossessory cannot be reduced to a monetary sum for purposes of determining the amount in controversy. *Id.*

Onna and Harpo seek to invoke this Court's diversity jurisdiction, but their allegation that they are "citizens of states other than Georgia" does not show the citizenship of the parties for purposes of § 1332 and does not show that they are diverse from Broadstone. *See* 28 U.S.C. § 1332(a). Even if they could correct this deficiency, they cannot meet their burden on the amount-in-controversy

4

requirement. In the dispossessory complaints, Broadstone's claims for past-due and current rent do not exceed $75,000, and the claim for ejectment cannot be reduced to a monetary sum. *See Kirkland*, 243 F.3d at 1281 n.5; *Citimortgage, Inc.*, 705 F. Supp. 2d at 1382.

Pursuant to 28 U.S.C. § 1443(1), a defendant may remove a case initiated in state court if she is "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). A removal petition under § 1443(1) must show that the right on which the defendant relies arises under federal law "providing for specific civil rights stated in terms of racial equality," and the defendant has been denied or cannot enforce that right in state court. *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001).

Here, to the extent that Harpo and Onna seek to proceed under § 1443(1), they have raised only broad, conclusory assertions that the state court will not protect their right to a fair proceeding on the basis of race. Such broad assertions of rights of general application do not support a claim for removal under § 1443(1). *See Conley*, 245 F.3d at 1295-96 ("[A] defendant's right to a fair trial and equal protection of the laws . . . do not arise from legislation providing for specific civil rights in terms of racial equality[.] Therefore, to the extent [that petitioner] relies

upon broad assertions under the Equal Protection Clause . . . , those rights are insufficient to support a valid claim for removal under § 1443(1)." (quotation omitted)).

In sum, Harpo has demonstrated that he is indigent for purposes of proceeding IFP, and his IFP applications [Case no. 16-cv-1661, Doc. 1; case no. 16-cv-1662, Doc. 1] are **GRANTED**.[2]  Because it is clear that this Court lacks subject matter jurisdiction over the state dispossessory proceedings, however, it is **RECOMMENDED** that case no. 16-cv-1661 and case no. 16-cv-1662 be **REMANDED** to the Magistrate Court of Fulton County.

IT IS SO ORDERED and RECOMMENDED this 3rd day of June, 2016.

_____
JOHN K. LARKINS III
United States Magistrate Judge

---

[2] Onna is not proceeding IFP and has not paid the filing fee in these cases. Nevertheless, this Court must remand a removal action if at any time before the entry of judgment is appears that the Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).