IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BROADSTONE MAPLE, LLC,
d/b/a Broadstone Court Apts,

   Plaintiff,

 v.            1:16-cv-1662-WSD

LESLIE ONNA, and All Other
Occupants, and WILHY HARPO,

   Defendants.

**OPINION AND ORDER**

  This matter is before the Court on Magistrate Judge John K. Larkins, III's Final Report and Recommendation [3] ("R&R"). The R&R recommends this action be remanded to the Magistrate Court of Fulton County.

**I. BACKGROUND**

  On May 23, 2016, Defendant Wilhy Harpo ("Defendant") filed his application for leave to proceed *in forma pauperis* ("IFP") [1] and his notice of removal. Defendant seeks removal of a dispossessory action brought by Plaintiff Broadstone Maple, LLC ("Broadstone") in the Magistrate Court of Fulton County, Georgia. The Court notes Defendant has attempted to remove nearly identical actions to this Court in the past, and the Court has remanded those cases for lack of

subject matter jurisdiction.  See, e.g., Order, Broadstone Maple, LLC v. Alexander Corporate Accommodations, LLC, No. 1:16-cv-2774-WSD (N.D. Ga. August 2, 2016) (Doc. 4).  The Court also notes that, because Defendant is a frequent filer of frivolous lawsuits, the Court has previously ordered Defendant "to disclose his full litigation history in any civil rights complaint and/or [IFP] affidavit that he files."  See, e.g., Williams v. Harpo, No. 1:16-cv-12225-WSD (N.D. Ga. 2016) (ECF No. 2 at 2); Harpo v. City of Atlanta, No. 1:16-cv-1067-WSD (N.D. Ga. 2016) (ECF No. 2 at 1-2); Harpo v. City of Atlanta, No. 1:14-cv-2157-WSD (N.D. Ga. 2014) (ECF No. 2 at 1-2); Harpo v. Fulton Cty. Sheriff, No. 1:14-cv-2208-WSD (N.D. Ga. 2014) (ECF No. 2 at 1-2).

On June 3, 2016, the Magistrate Judge issued his R&R.  The Magistrate Judge found that the Court lacks subject matter jurisdiction over Broadstone's Complaint, and recommends this action be remanded to the Magistrate Court of Fulton County.

On June 20, 2016, Defendant filed his Motion for Leave to File Out-of-Time Objections to the R&R [5].  On June 24, 2016, the Court entered an Order [7] granting Defendant's Motion for Leave.  The Court required Defendant to file, on or before July 1, 2016, his objections to the R&R.  The Court noted that no further extensions would be granted.  Defendant did not file any objections to the R&R.

On August 10, 2016, Defendant filed his "Emergency Motion for Ex Parte Hearing, Ex Parte Emergency Order to Cease and Desist, and Motion to Reinstate Occupancy" [11].

## II.   ANALYSIS

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  Where, as here, no party objects to the R&R, the Court conducts a plain error review of the record.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### B.   Discussion

The Magistrate Judge determined that the Complaint does not contain any federal claims, and removal based on federal question jurisdiction is improper. The Magistrate Judge also determined that Defendant fails to show the Court has diversity jurisdiction over this action, because his allegation that he and Defendant Onna are "citizens of states other than Georgia" does not show the citizenship of the parties for purposes of 28 U.S.C. § 1332(a).  Even if Defendant could correct

this deficiency, he cannot meet the amount-in-controversy requirement, because Broadstone's claims for past-due and current rent do not exceed $75,000, and the claim for ejectment cannot be reduced to a monetary sum.[1]  (R&R at 4).  The Magistrate Judge concluded that the Court lacks subject matter jurisdiction over this state dispossessory proceeding, and recommends the Court remand this action to the Magistrate Court of Fulton County.[2]  The Court finds no plain error on these

---

[1] To the extent Defendant claims removal under Section 1443 based on the bias of state court judges, his allegations fall short of the specific language of racial equality that section 1443 demands.  See Kopec v. Jenkins, 357 F. App'x 213, 214 (11th Cir. 2009) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)); see also 28 U.S.C. § 1443 (providing exception to the well-pleaded complaint rule for removal of an action that is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States"); Rachel, 384 U.S. at 788 (Section 1443 requires defendant to show "both that the right upon which they rely is a 'right under any law providing for . . . equal civil rights,' and that they are 'denied or cannot enforce' that right in the courts of Georgia."); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1362 (N.D. Ga. Nov. 5, 2001) ("There is no cognizable claim for a civil rights violation presented in this case . . . [because] [t]here is no reference in any pleading to 'any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.'").  Removal is not proper based on 28 U.S.C. § 1443 and this action is required to be remanded for this additional reason.

[2] Because Defendant is a frequent filer of frivolous lawsuits, the Court has previously ordered Defendant "to disclose his full litigation history in any civil rights complaint and/or [IFP] affidavit that he files."  See, e.g., Williams v. Harpo, No. 1:16-cv-12225-WSD (N.D. Ga. 2016) (ECF No. 2 at 2).

Under Local Rule 41.3(A)(2), "[t]he court may, with or without notice to the parties, dismiss a civil case for want of prosecution if: . . . [a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case."  LR

findings and recommendation, and this action is remanded.  See Slay, 714 F.2d at 1095.

Because the Court lacks jurisdiction over this action, Defendant's "Emergency Motion for Ex Parte Hearing, Ex Parte Emergency Order to Cease and Desist, and Motion to Reinstate Occupancy" [11] is denied.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge John K. Larkins, III's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Fulton County.

**IT IS FURTHER ORDERED** that Defendant's "Emergency Motion for Ex Parte Hearing, Ex Parte Emergency Order to Cease and Desist, and Motion to Reinstate Occupancy" [11] is **DENIED**.

---

41.3(A)(2), NDGa.  Defendant did not disclose his full litigation history in his Application or Notice of Removal.  The Court's prior Orders, and the fact that other actions filed by Defendant have been dismissed for his failure to comply with the Court's prior Orders, put Defendant on notice that he was required to disclose his full litigation history in his Application.  Defendant's failure to comply with the Court's prior Orders also warrants dismissal of this action.  See LR 41.3(A)(2), NDGa.

**SO ORDERED** this 24th day of August, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE